JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 27 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 863

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE TAXABLE MUNICIPAL BOND SECURITIES LITIGATION

BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT H. SCHNACKE,* FRED DAUGHERTY, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK AND HALBERT O. WOODWARD, JUDGES OF THE PANEL

TRANSFER ORDER

This litigation presently consists of twelve actions pending in seven federal districts, as follows: two actions each in the Southern District of New York, the Western District of Tennessee, the Western District of Missouri, the Western District of Texas and the Southern District of Texas; and one action each in the District of Nebraska and the Eastern District of Louisiana.[1] Before the Panel is a motion by five defendants to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the Western District of Tennessee for coordinated or consolidated pretrial proceedings.[2] Numerous defendants support the motion for centralization in the Western District of Tennessee. As alternatives to the Tennessee forum, some defendants suggest the Southern District of New York and one defendant suggests the Eastern District of Louisiana. Plaintiffs in all actions favor centralization in either the Western District of Texas or the Southern District of New York. Eight defendants voice various objections to centralization of all actions in a single district at the present time.

On the basis of the papers filed and the hearing held, the Panel finds that these twelve actions involve common questions of fact and that centralization under Section 1407 in the Eastern District of Louisiana will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the twelve actions alleges violations of securities laws in the sale

---

\*   Judges Schnacke and Pollack took no part in the decision of this matter.

[1]   The Panel has been notified that a related action is pending in the Southern District of Texas. This action will be treated as a potential tag-along action. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

[2]   One moving defendant alternatively suggests the Southern District of New York as an appropriate transferee forum.

of taxable municipal bonds issued during 1986 by one of six governmentally created or authorized issuers located in five states. Common factual questions arise because the complaints in all actions outline essentially the same alleged fraudulent conspiracy underlying the marketing and sale of all six issuers' bonds. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Some defendants request that we defer transfer of certain of the actions before us until potentially dispositive motions pending in those actions have been resolved. We conclude that deferral is unnecessary, because any such motions can be presented to and decided by the transferee judge. See In re Plumbing Fixtures Litigation, 298 F.Supp. 484, 495-96 (J.P.M.L. 1968).

None of the four forums suggested by the parties as potential transferee districts could be characterized as the center of gravity for this litigation. On balance, however, we are persuaded that the Eastern District of Louisiana is the appropriate transferee forum. We note that 1) one of the six bond issuers is located in Louisiana; 2) New Orleans is in relatively close proximity to, and readily accessible from, the other four states (Texas, Tennessee, Nebraska and Colorado) where bond issuers are located; 3) all plaintiffs have expressed their opposition to the Western District of Tennessee; 4) virtually all defendants have expressed their opposition to the Western District of Texas; and 5) the Southern District of New York, in contrast to the Louisiana forum, is geographically removed from the locations of the bond issuers.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Louisiana be, and the same hereby are, transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Morey L. Sear for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-863 -- In re Taxable Municipal Bond Securities Litigation

### District of Nebraska

<u>Timothy C. Devlin, et al. v. Nebraska Investment Finance Authority, et al.</u>, C.A. No. CV-90-0-0217

### Southern District of New York

<u>Washington National Life Insurance Co. of New York, et al. v. Morgan Stanley & Co., Inc. et al.</u>, C.A. No. 90-CIV-3342

<u>Christine L. Swope, etc. v. The Louisiana Agricultural Finance Authority, et al.</u>, C.A. No. 90-CIV-3993

### Western District of Missouri

<u>Farm Bureau Federation, et al. v. The Board of County Commissioners of Adams County, Colorado, et al.</u>, C.A. No. 90-4313-CV-C-5

<u>Farm Bureau Town & Country Insurance Co. of Missouri, et al. v. The Health, Educational and Housing Facility Board of the City of Memphis, Tennessee, et al.</u>, C.A. No. 90-4314-CV-C-5

### Eastern District of Louisiana

<u>Associated Kellogg Bank, et al. v. Louisiana Agricultural Finance Authority, et al.</u>, C.A. No. CIV-90-3133

### Southern District of Texas

<u>Texas State Bank, et al. v. Southeast Texas Housing Finance Corp., et al.</u>, C.A. No. M-90-182

<u>Lucy Womack, etc. v. Southeast Texas Housing Finance Corp., et al.</u>, C.A. No. M-90-181

### Western District of Texas

<u>Lucy Womack, etc. v. El Paso Housing Finance Corp., et al.</u>, C.A. No. P-90-CA-33

<u>Farm Bureau Town & Country Insurance Co. of Missouri, et al. v. El Paso Housing Finance Corp., et al.</u>, C.A. No. P-90-CA-37

### Western District of Tennessee

<u>Theresa Faust, etc. v. The Health, Educational and Housing Facility Board of the City of Memphis, et al.</u>, C.A. No. 90-2608-TU

<u>Roberta Lipsey v. The Health Educational and Housing Facility Board of the City of Memphis, et al.</u>, C.A. No. 90-2644-G